UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TARONE WASHINGTON,

          Petitioner,                    Case No. 1:23-cv-363

v.                                                Honorable Paul L. Maloney

JAMES SCHNIEBER,

          Respondent.
_____/

**OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition because it fails to raise a meritorious federal claim.

**Discussion**

I.  **Factual Allegations**

Petitioner Tarone Washington is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of one count of assault with intent to murder, Mich. Comp. Laws § 50.83; one count of second-degree murder, Mich. Comp. Laws § 750.317; and two counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. (Pet., ECF No. 1, PageID.1); *People v. Washington*, No. 352408, 2021 WL 5232295, at *1 (Mich. Ct. App. Nov. 9, 2021). The trial court sentenced Petitioner to concurrent terms of 18 to 50 years' imprisonment for the conviction of assault with intent to murder and 31 to 75 years' imprisonment for the second-degree murder conviction. *Washington*, 2021 WL 5232295, at *1. The trial court also sentenced Petitioner to 2 years' consecutive imprisonment for each of the two felony-firearm convictions to be served concurrently with each other. *Id.*

Petitioner appealed his conviction to the Michigan Court of Appeals, raising several claims of error, including that there was insufficient evidence to sustain Petitioner's second-degree murder conviction for the death of the victim, Joseph Tyson. *Id.* The Michigan Court of Appeals described the facts underlying Petitioner's conviction for second degree murder and addressed Petitioner's claim of insufficient evidence as follows:

> Defendant argues that there was insufficient evidence to support his conviction of second-degree murder for the death of Tyson. Defendant maintains that there were five shooters at Edgecumbe Park in the early-morning hours of July 1, 2018, and that only one witness, Steven Cobb, testified that defendant fired any shots. Defendant concludes that the evidence that defendant shot Tyson does not rise above a scintilla of evidence and is therefore insufficient.
>
> To prove second-degree murder, the prosecution must show that there was a death, that death was caused by an act of defendant, the defendant acted with malice, and

the defendant did not have lawful justification or excuse for causing that death. *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). Defendant alleges that the prosecutor has not provided sufficient evidence that Tyson's death was caused by an act of defendant, the second element required to prove second-degree murder.

Initially, it should be noted that defendant misstates the evidence. In his brief, defendant states that Cobb was the only witness who testified that defendant was one of the shooters. This is incorrect. White testified that he "looked towards Tarri and 'boom,' he shot me. I turn around and he shot me in the leg." Jaber Ellis also provided testimony that he saw something silver in defendant's hand, saw a flash come from that object, and heard a gunshot. Thus, defendant's assertion that Cobb was the only person to testify that defendant was one of the shooters is contrary to the evidence admitted at trial.

Defendant argues that there was no physical evidence or direct evidence admitted at trial that defendant shot Tyson. The prosecutor acknowledged this to be true in his closing argument. However, there was circumstantial evidence admitted at trial that could convince a reasonable fact-finder beyond a reasonable doubt that defendant shot Tyson. White testified that, while he was standing within feet of both defendant and Tyson, White heard a gunshot, heard Tyson say "uh" like Tyson was hurt, and then Tyson took off running. Immediately afterward, White turned toward defendant and saw defendant holding a gun and pointing it at White.

Defense counsel attacked White's credibility at trial. However, witness credibility and the weight to give the evidence is for the jury to decide, and this Court will not interfere with the jury's determination on those issues. See *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). Additionally, the inferences that can reasonably be drawn from the evidence and the weight to give those inferences is also for the jury to decide. See *Hardiman*, 466 Mich at 428. If the jury found White to be a credible witness, the jury could reasonably infer from White's testimony that it was defendant who shot Tyson. *See Carines, 460 Mich* at 757 (holding that circumstantial evidence and the reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime). Additionally, the prosecution was only required to prove its theory of guilt beyond a reasonable doubt, and it was not required to negate every reasonable theory of innocence. See *Nowack*, 462 Mich at 400. The prosecution, therefore, did not need to negate the possibility that Tyson was shot by someone other than defendant during the shootout, but merely needed to prove beyond a reasonable doubt that it was defendant who shot Tyson.

White's testimony, when viewed in the light most favorable to the prosecution, is sufficient to prove beyond a reasonable doubt that the first shot fired by defendant struck Tyson, and the autopsy revealed that Tyson was killed by a single gunshot wound. Considering this evidence, a rational trier of fact could find that the essential elements of the charge of second-degree murder for the death of Tyson were proven beyond a reasonable doubt.

3

*Washington*, 2021 WL 5232295, at *1–2. On November 9, 2021, the court of appeals affirmed Petitioner's conviction for second-degree murder. *Id.* Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied by order entered on April 5, 2022. *People v. Washington*, 509 Mich. 933, 971 N.W.2d 641 (2022).

Petitioner filed his habeas corpus petition on or about March 30, 2023. (Pet., ECF No. 1, PageID.10.) The petition raises one ground for relief, as follows:

> I.  Contrary to the substantive law defining Second Degree Murder, Petitioner Washington's conviction was based on insufficient evidence, violating due process of law, which the Court of Appeals decided contrary to 29 U.S.C. 2254(D) [sic].

(Pet., ECF No. 1, PageID.4.)

**II.     AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

4

664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise

5

contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

6

### III. Discussion

In connection with Petitioner's claim that there was insufficient evidence at trial to convict Petitioner of second-degree murder, Petitioner makes two arguments. First, Petitioner asserts that the conclusion of the court of appeals was unreasonable because the court of appeals' opinion failed to include "specific references to transcript location[s]." (Pet., ECF No. 1, PageID.6–7.) Second, Petitioner claims that there was insufficient evidence adduced at trial to support his second-degree murder conviction. (*Id.*, PageID.7–10.) Each of Petitioner's arguments will be addressed in turn.

#### A. Lack of Record Citations

Petitioner claims that the Court of Appeals failed to include citations to the trial court record in its opinion, in violation of Michigan Court Rule 7.212(c). (Pet., ECF No. 1, PageID.6–7.) However, the extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). Any error by the state courts in applying their own rules is an issue of state law that is not cognizable on federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 406–07 (6th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Smith v. Phillips*, 455 U.S. 209, 221 (1982))

Yet, even if the issue were cognizable, Petitioner has not demonstrated that the court of appeals' opinion, in not providing record citations, was contrary to, or an unreasonable application of, clearly established federal law or even that it prejudiced Petitioner.

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). If Petitioner believes that, by not including record citations within its opinion, the court of appeals' recitation of the facts was "objectively unreasonable in light of the

7

evidence presented in the state-court proceeding," Petitioner had the option of rebutting the presumption of correctness by clear and convincing evidence. *Davis*, 658 F.3d at 531; *see also* 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. Petitioner has not made any effort to do so. He has failed to provide even a single citation to the trial court record to demonstrate, by clear and convincing evidence, that this Court should reject the determination by the court of appeals on the factual issues at hand.

Petitioner's claim that he has "no basis on which to verify the accuracy" of the factual determinations by the court of appeals is plainly wrong. (Pet., ECF No. 1, PageID.7.) Petitioner not only experienced the trial firsthand but has access to a copy of the trial court record as demonstrated by Petitioner's own citations to the trial transcripts. (*See* Pet., ECF No. 1, PageID.7, 9–10.) Thus, Petitioner is not entitled to relief on his claim that the court of appeals failed to include record citations within its opinion.

### B. Insufficient Evidence

Petitioner also argues that his conviction for second degree murder was infirm because it was not based on sufficient evidence. Such a claim is subject to a highly deferential standard of review. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court announced the following standard for resolving sufficiency claims: the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added). The question is not whether the reviewing court deems the verdict correct. The *Jackson* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* The habeas court need only examine the evidence supporting the conviction, in the light most favorable to the

prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196–97 (6th Cir. 1988).

Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Davis*, 658 F.3d at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)). Petitioner has not cleared that hurdle.

Petitioner contends that the evidence was insufficient to support his conviction because there was no "direct evidence related to the second[-]degree murder of Joseph Tyson." (Pet., ECF No. 1, PageID.7.) He suggests that the only evidence that would be sufficient to convict him would be eyewitness testimony stating that Petitioner pointed a gun at and shot the victim. (Pet., ECF No. 1, PageID.10) ("There is not a single witness who claims to have seen Petitioner Washington point a gun at, or shoot Joseph Tyson. Because of that lack of evidence on that point, there are no basic facts established from which to draw the inference that Petitioner Washington shot Tyson."). Petitioner claims that, because the "entire case was predicated on circumstantial evidence and improper inferences," the conviction violated Petitioner's right to due process. (*Id.*)

Applying the functional equivalent of the *Jackson* standard, the court of appeals identified the elements of second-degree murder as established by state law and then considered the evidence introduced at trial to determine whether, viewed in a light most favorable to the prosecution, that evidence could support a determination of guilt beyond a reasonable doubt. *See Washington*, 2021

9

WL 5232295, at *1–2 ("When reviewing the sufficiency of the evidence, this Court reviews the evidence presented at trial to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.") (citing *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012)). In so doing, the court of appeals recognized that there was no physical evidence connecting Petitioner to the murder of Tyson. *Washington*, 2021 WL 5232295, at *2. It explained however that "there was circumstantial evidence admitted at trial that could convince a reasonable fact-finder beyond a reasonable doubt that [Petitioner] shot Tyson." *Id.*

The conclusion by the Court of Appeals, to allow Petitioner's conviction to stand solely on circumstantial evidence and inferences, does not run afoul of federal constitutional law. This Circuit "has expressly held that a conviction may be supported wholly by circumstantial evidence and still survive a sufficiency of the evidence challenge." *Thompson v. Bock*, 215 F. App'x 431, 437 (6th Cir. 2007) (citing *York v. Tate,* 858 F.2d 322, 328 (6th Cir. 1988)). Indeed, in *Scott v. Perini*, 662 F.2d 428 (6th Cir. 1981), *cert. denied* 456 U.S. 909 (1982), the court noted the United States Supreme Court's unqualified acceptance of the sufficiency of circumstantial evidence:

> Much has been written concerning the relative weight of circumstantial and direct evidence. Generalized opinion ranges from that which tends to place lesser credence in circumstantial evidence to that which assigns it greater reliability on the premise that the witness giving direct testimony may lie, but circumstances do not. *See* I Wigmore on Evidence s 26 (3rd ed. 1940). In a civil case, *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S. Ct. 6, 10, 5 L. Ed. 2d 20 (1960), the Supreme Court stated: "But direct evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." The modern view is that the law generally makes no distinction between direct or circumstantial evidence nor requires particular instruction to the jury, allowing jurors to give evidence the weight which they believe it is entitled.

*Scott*, 662 F.3d at 433 n.7. Based on that reasoning, the Sixth Circuit in *Scott* and *York* rejected the notion that a conviction based on circumstantial evidence requires some quantum of evidentiary

10

support that is different than, or in addition to, that required for a conviction based on direct evidence.

Of course, that still leaves the question of whether the circumstantial evidence against Petitioner sufficed to support his conviction. Petitioner contends the evidence was insufficient because the inferences drawn from that circumstantial evidence—the inferences required to convict—were unreasonable. *Jackson* holds that it is the province of the jury to draw reasonable inferences from basic facts to ultimate facts. 443 U.S. at 319. In *Coleman v. Johnson*, 566 U.S. 650 (2012), the Supreme Court provided guidance "in determining what distinguishes a reasoned inference from 'mere speculation.'" *Id*. at 655. The Court described a reasonable inference as an inference that a rational jury could make from the facts. Thus, to succeed in his challenge, Petitioner must show that the inferences identified by the Court of Appeals are irrational. He has not.

Petitioner's contention that there was no evidence to connect Petitioner with the shooting of Tyson beyond White's testimony that "the 'uh' was 'like Tyson was hurt'" (Pet., ECF No. 1, PageID.9–10) is belied by the court of appeals' recitation of the facts. Petitioner omits from White's testimony that White "was standing within feet of both [Petitioner] and Tyson" and that, before hearing Tyson say "uh," White explicitly heard a gunshot. After hearing the gunshot and hearing White say "uh" as if he had been hurt, White immediately "turned toward [Petitioner] and saw [Petitioner] holding a gun and pointing it at White." *Washington*, 2021 WL 5232295, at *2. Additionally, both White and Cobb testified that Petitioner was one of the shooters, and the autopsy revealed that the Tyson was killed by a single gunshot wound. *Id.* at *1–2. These are the "basic facts established from which to draw the inference that Petitioner Washington shot Tyson." (*See*

11

Pet., ECF No. 1, PageID.10). The inference identified by the court of appeals—that Petitioner was the person who had shot the victim—rationally flows from these underlying facts.

Certainly, in claiming that he did not shoot Tyson, Petitioner was permitted to argue at trial that White had his back turned when Tyson was shot and that other witnesses only saw Petitioner shoot at White, not Tyson. (Pet., ECF No. 1, PageID.10.) However, U.S.C. § 2254 does not permit this Court "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318–19. "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* at 319. When viewing the evidence in the light most favorable to the prosecution, the court of appeals reasonably concluded that a rational jury could have found Petitioner guilty beyond a reasonable doubt. The Michigan Court of Appeals' determination to that effect is entirely consistent with *Jackson*, the clearly established federal law regarding sufficiency of the evidence. Therefore, Petitioner is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under

*Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   May 15, 2023                                /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge